UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| EDWARD CRIST, | |
|---|---|
| Petitioner, | Case No. 2:24-02111 RGK (ADS) |
| v. | MEMORANDUM AND ORDER DISMISSING PETITION |
| EMELIO RICOLCOL, et al., | |
| Respondent. | |

## I. INTRODUCTION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition") by Edward Crist ("Petitioner"), a prisoner in the custody of the Federal Bureau of Prisons in Victorville, California, proceeding pro se. (Dkt. No. 1.) Petitioner challenges the legality of his 2019 sentence after an unsuccessful motion to vacate under 28 U.S.C. § 2255 in the sentencing court. (Id.) As discussed below, the Petition must be dismissed for lack of jurisdiction, because it is a second or successive Section 2255 motion that does not qualify for Section 2255's savings clause.

## II. BACKGROUND

### A. Conviction and Prior Section 2255 Motion

In 2019, Petitioner pled guilty to Hobbs Act Robbery in violation of 18 U.S.C. § 1951 and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a). See Crist v. United States, No. CR 16-4356 JCH (KBM), Dkt. 70 (D.N.M. Apr. 16, 2019). The United States District Court for the District of New Mexico sentenced Petitioner to 220 months imprisonment and entered judgment on the conviction and sentence on October 11, 2019. Id. at Dkt. 77. On February 4, 2021, Petitioner filed a motion to vacate his conviction under 28 U.S.C. § 2255, claiming in part that his counsel was ineffective during plea proceedings and that he unknowingly and involuntarily plead guilty to violating §§ 922(g) and 924(a). Id. at Dkt. 80; Crist v. United States, No. CV 1:21-00098 JCH (KBM), Dkt. 6 (D.N.M. April 26, 2021). On May 6, 2022, the District of New Mexico denied the Section 2255 motion as untimely, finding the one-year limitation period expired on October 26, 2020, and Petitioner was not entitled to equitable tolling. Crist, No. CR 16-4356, Dkt. 84.

### B. The Instant Section 2241 Petition

Petitioner subsequently filed the present Section 2241 Petition,[1] asking this Court to vacate his conviction and sentence and order his release from custody.[2] (Dkt. No. 1

---

[1] Petitioner also filed a Memorandum in support of his Petition. (Dkt. No. 3.)

[2] Petitioner also requests appointment of counsel. (Dkt. No. 1 at 5.) However, prisoners who apply for habeas relief are not entitled to counsel. See Pennsylvania v. Finley, 481 U.S. 551, 555–56 (1987). Although the Court has discretion to appoint counsel in appropriate cases, the Court generally limits exercising this discretion to exceptional circumstances, e.g., where the Court finds it necessary to hold an evidentiary hearing. See 18 U.S.C. § 3006A; 28 U.S.C. § 2254(h); Roe v. Coursey, 469 F. App'x 622, 624 (9th Cir. 2012); Knaubert v. Goldsmith, 791 F.2d 722, 728–30 (9th Cir. 1986). No such circumstances exist here.

2

at 5.) Petitioner claims ineffective assistance of counsel under the Sixth Amendment, alleging his attorney incorrectly advised him to plead guilty to violating 18 U.S.C. § 924(e) without factual support.[3] (Id. at 3.) Petitioner argues his prior convictions in 2000 and 2010 (for drug trafficking, armed robbery, and robbery) do not qualify for section 924(e)'s sentencing enhancement. (Id.; Dkt. No. 3 at 3–5.) Petitioner claims further that, as a result of his counsel's ineffectiveness, he was denied Fifth Amendment due process as he never received fair notice of the true nature of the charge against him. (Dkt. Nos. 1 at 3, 3 at 5.) According to Petitioner, he should have only received a guideline sentence of 92–115 months of imprisonment, not 220 months. (Dkt. Nos. 1 at 3, 3 at 6.)

## III. THE COURT LACKS JURISDICTION

### A. The Petition Challenges the Legality of Detention

This Court lacks jurisdiction to review the Petition. "[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A petitioner challenging the manner, location, or conditions of a sentence's execution must file a petition for writ of habeas corpus under Section 2241 in the district in which he is in custody. See Harrison v.

---

[3] As noted above, Petitioner plead guilty and was then convicted of violating 18 U.S.C. § 922(g). The sentencing enhancement under 18 U.S.C. § 924(e) "provides that a person who violates § 922(g) and who 'has three previous convictions' for 'a violent felony' 'committed on occasions different from one another' shall be imprisoned for a minimum of 15 years and a maximum of life." Johnson v. United States, 559 U.S. 133, 136 (2010) (quoting 18 U.S.C. § 924(e)). Petitioner takes issue with his counsel advising him to enter the plea agreement, which identifies his four prior convictions and from which the sentencing court imposed this sentencing enhancement. See Crist, No. CR 16-4356 JCH (KBM), Dkt. 70 ¶ 16 (D.N.M. Apr. 16, 2019).

Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 865 ("[A] habeas petition filed pursuant to § 2241 must be heard in the custodial court . . . ."). Section 2255 motions "provide[] the exclusive procedural mechanism by which a federal prisoner may test the legality of detention" and must be heard by the sentencing court, which in this case is the District of New Mexico. Lorensten v. Hood, 223 F.3d 950, 953 (9th Cir. 2000); Hernandez, 204 F.3d at 865.

Because Petitioner challenges the legality of his sentence here, the Petition must be construed as a Section 2255 motion. (See Dkt. No. 1 at 3–5 (claiming "he is not guilty of violating 18 U.S.C. § 924(e)" and requesting an order "vacating the judgment of conviction and sentence"); Dkt. No. 3 at 2 (claiming conviction and sentence violates Fifth and Sixth Amendments and seeking "relief from the judgment and sentence").) Petitioner essentially re-packages his prior Section 2255 motion as a Section 2241 petition. But he cannot avoid the restrictions of a Section 2255 motion simply by styling it as a Section 2241 petition. See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).

## B.   Section 2255's Savings Clause Does Not Apply

To proceed in this Court, the custodial court, the Petition must qualify for Section 2255's savings clause. Section 2255(e) permits a federal prisoner to file a Section 2241 petition to contest the legality of a sentence if his remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997). This "savings clause" exception is very narrow. See Jones v. Hendrix, 599 U.S. 465, 482 (2023) (explaining savings clause does not "mean[] that § 2241 is available whenever a prisoner is presently unable to file a § 2255 motion"). To show Section 2255's remedy is inadequate or

ineffective, a petitioner must (1) make a claim of actual innocence, and (2) show that he has not had an unobstructed procedural shot at presenting that claim. Shephard v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021).

The Petition fails both prongs. First, Petitioner does not claim actual innocence for purposes of qualifying to bring a section 2241 petition under the savings clause. To show actual innocence, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted). Petitioner claims he is innocent of violating 18 U.S.C. § 924(e) because his prior convictions do not qualify as serious drug offenses or violent felonies as defined by the statute and, thus, he should have received a guideline sentence of 92–115 months of imprisonment. (Dkt. No. 1 at 3–6.) But this purely legal claim has nothing to do with factual innocence. Petitioner is not claiming actual innocence of the crime of conviction, i.e., violating 18 U.S.C. §§ 922(g) and 924(a). See Marrero v. Ives, 682 F.3d 1190, 1195 (9th Cir. 2012) (holding "purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence" under savings clause). He "cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement." Id. at 1193. Thus, Petitioner fails to show actual innocence to qualify for the savings clause.

Second, Petitioner cannot demonstrate that he was denied an unobstructed procedural shot at presenting his claims. To determine whether Petitioner never had an unobstructed procedural shot to pursue his claim, the Court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct

appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." Harrison, 519 F.3d at 960 (quotations omitted); see also Jones v. Hendrix, 599 U.S. at 477–78 (holding § 2241 is not available for collateral attacks on federal sentences based on intervening changes in statutory interpretation because § 2255(h) only allows second and successive § 2255 motions that rely on "newly discovery evidence" or "a new rule of constitutional law").

Here, Petitioner relies on pre-2018 circuit precedent and Supreme Court decisions from 2013, 1998, 1995, 1970, and 1941—well before the District of New Mexico denied his Section 2255 motion in 2022. (Dkt. No. 3 at 5–11.) There is no indication that the legal basis for his claims did not arise until after that denial. Petitioner relies on no subsequent change in law or new rule of constitutional law, nor does he rely on any newly discovered evidence. The mere fact that Petitioner's prior Section 2255 motion was unsuccessful does not make Section 2255's remedy inadequate or ineffective to test the legality of his conviction. See Lorentsen, 223 F.3d at 953 (explaining § 2255 not inadequate or ineffective merely because court of appeals refuses to certify second or successive motion to vacate); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (rejecting contention that § 2255 is inadequate or ineffective merely because prisoner's § 2255 motion might be procedurally barred). Accordingly, the Petition does not demonstrate that Petitioner was denied an unobstructed procedural shot at presenting his claims. Therefore, the Petition does not qualify for the savings clause.

C.  **Dismissal, Not Transfer, is Appropriate**

Transferring the Petition to the District of New Mexico is not in the interest of justice because the Petition is a second and successive Section 2255 motion. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001). As a second and successive

Section 2255 motion, the Petition must first be certified by the court of appeals.  See 28 U.S.C. § 2255(h).

## IV.	CONCLUSION

This Court does not have jurisdiction over Petitioner's claims because they fall under Section 2255, not Section 2241.  The instant Petition must be brought in the sentencing court in the District of New Mexico—and only then with the permission of the Tenth Circuit Court of Appeals.

IT IS THEREFORE ORDERED that the Petition is denied, and this action be dismissed for lack of jurisdiction.

Dated: 5/14/2024

THE HONORABLE R. GARY KLAUSNER
United States District Judge

Presented by:

/s/ Autumn D. Spaeth
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge